UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTORIA L MCPURDY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN COLVIN,<br><br>　　　　　Defendant. | CASE NO. C13-509-MJP<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on Plaintiff's objections (Dkt. No. 21) to the Report and Recommendation (R&R) of Chief Magistrate Judge Mary Theiler. (Dkt. No. 20.) Having reviewed the R&R, Plaintiff's objections, Defendant's response, and all related documents, the Court adopts the R&R.

**Background**

Plaintiff was born in 1966. (Dkt. No. 20 at 2.) She applied for Social Security Insurance payments in August 2010. Her application was denied. (Id.) Plaintiff requested a hearing and an administrative law judge ("ALJ") concluded Plaintiff is not disabled. (Id.) Plaintiff appealed.

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision. (Id.) That decision is the subject of this case.

Plaintiff sought review of the ALJ's decision. (Dkt. No. 1.) After considering briefing by Plaintiff and Carolyn Colvin, acting Commissioner of Social Security, Chief Magistrate Judge Mary Alice Theiler recommended this Court affirm the ALJ's decision. Plaintiff now objects to the R&R. (Dkt. No. 21.)

**Discussion**

A. Legal Standard

Under 28 U.S.C. § 636(b)(1), a district court judge must make a de novo determination of any part of the magistrate judge's report and recommendation to which an objection is made. The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The district court is also empowered to "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.; Fed.R.Civ.P. 72(b)(3).

Plaintiff objects to the R&R on several grounds. First, she claims the record before the ALJ supported her diagnosis as living with fibromyalgia and carpal tunnel syndrome and therefore severely impaired. Second, Plaintiff objects to the R&R because it affirms the ALJ's finding that she is capable of a full range of sedentary work. Third, she objects to the finding that her testimony is not credible. Finally, she objects to the R&R's finding that the failure of the ALJ to address lay testimony was harmless. Each objection is examined in turn.

B. Severely impaired

Plaintiff argues the R&R erred in upholding the ALJ's conclusion that the claimed fibromyalgia diagnosis lacks a medical certainty. She points to a medical report by Dr. Sharma

as evidence of a past history of fibromyalgia and of her disability. (Dkt. No. 12-9 at 75-6, AR 50-551.) Plaintiff misrepresents the record. Dr. Sharma did not diagnose Plaintiff with Fibromyalgia. Instead, the very purpose of the visit was to evaluate her autoimmune process. (Id.) The R&R did not err on this point.

Moreover, as the R&R correctly describes, a medically determinable impairment is not established on the basis of a medical diagnosis alone. 20 C.F.R. §416.908. To qualify as medically impaired, the claimant must also show his or her ability to do basic work activities is significantly limited. 20C.F.R. §416.921. The Commissioner is correct that Plaintiff fails to establish the second part of the test. (Dkt. No. 24 at 3.) Consequently, her claim fails.

Similar to her argument about fibromyalgia, Plaintiff claims the R&R failed to adequately consider the record as to her carpal tunnel syndrome. (Dkt. No. 21 at 5). In particular, the ALJ found a "lack of objective evidence confirming carpal tunnel syndrome." (Dkt. No. 12-2 at 30 AR 29.) Plaintiff claims from the tests performed on her by Dr. Thorson, Mr. Goa's observations of her "weak grip," past diagnosis, observations as to her swelling, along with information from websites about carpel tunnel syndrim, the ALJ should have found the impairment severe. (Id.) In making this argument, Plaintiff posits theories not originally argued and which contradict the record below. Specifically, none of her current diagnosis involve carpal tunnel. Moreover, even if she were diagnosed with carpal tunnel, the ALJ found she is able to function with the use of wrist braces. Because her purported impairment is controlled, there is no disability. Warre v. Comm'r of Social Sec. Admin., 439 F.3d 101, 1006 (9th Cir. 2006).

    C.  Opinion of Jin Liang Guo, P.A.C.

Plaintiff is incorrect in asserting that the ALJ was required to accept the opinion of Jin Liang Guo, P.A.C. in its entirety. (Dkt. No. 21.) This is especially true because Ms. Guo was

deemed as an unacceptable medical source (and Plaintiff does not dispute this finding) and where the record contains germane, reliable, and contrary evidence. (See Dkt. No. 12-2 at 34, AR 32). Despite those findings, the ALJ, nonetheless, considered Ms. Guo's testimony giving it "some weight" in deciding Plaintiff was limited to a full range of light work. Because the testimony was given weight, the facts of this case are not controlled by Embrey v. Bowen, 849 F.2d 418 (9th Cir. 1988), the case Plaintiff relies on. The ALJ did not err on this point.

D. Plaintiff's Testimony

Plaintiff also argues the R&R erred in upholding the ALJ's discounting of Plaintiff's credibility. (Dkt. No. 24 at 7.) The R&R recommends upholding two of the ALJ's grounds for discounting Plaintiff's credibility: 1.) inconsistency between her testimony and the medical record and; 2.) inconsistency between her daily activities and her testimony. Both are valid basis to find her testimony less than credible. As to the first, the Court agrees with the R&R that the inconsistency with Plaintiff's testimony and medical evidence can be used, as the ALJ did, to determine the severity of the claimant's pain and severity of the disabling effects. (Dkt. No. 20 at 13.) Turning to the second, where the claimant's testimony is inconsistent with her daily activities, a court may reject the testimony. See Bruch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005.) That is exactly the situation here. Consequently, the ALJ did not err.

E. Lay Witnesses

Finally, Plaintiff argues the R&R erred in finding the ALJ's failure to consider certain lay testimony harmless error. (Dkt. No. 24.) Indeed, the ALJ failed to address the testimony of Plaintiff's mother, who testified to certain physical limitations. (Dkt. No. 20 at 15.) The R&R, however, concluded this error was harmless "because the Plaintiff's mother's testimony is cumulative." (Id.) The Court agrees. Plaintiff fails to attack that ground, arguing instead that

the R&R improperly supplies grounds for the ALJ to dismiss the testimony. Plaintiff mischaracterizes the R&R. Ultimately, this does not matter because Plaintiff fails to show any prejudice resulted from the exclusion of this testimony. The Court rejects this objection.

**Conclusion**

The Court adopts the Report and Recommendation and AFFIRMS the decision of the Commissioner, finding Plaintiff failed to establish she is disabled under 20 C.F.R. §§404.1520, 416.920 (2000), or that the ALJ committed an error requiring reversal. The Clerk shall direct copies of this Order to all counsel and to Judge Theiler.

Dated this 31st day of December, 2013.

Marsha J. Pechman
Chief United States District Judge